UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANTUALISA JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17CV2918 HEA |
| | ) | |
| SUPERVALU, | ) | |
| d/b/a SHOP N' SAVE, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff for leave to commence this action without the prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff, an African-American woman, alleges her employer, Supervalu, is discriminating against her based on her race, color, and gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*[1] She states that in October 2015, she reported being assaulted by a white male employee who was subsequently terminated. Since this time, plaintiff states she has been being retaliated against for filing the report. She states she has been disciplined, has had her hours cut, and has been verbally harassed. Additionally, she has filed union grievances regarding this conduct, and she states she has been retaliated against for filing these grievances.

**Discussion**

Accepting plaintiff's well-pled facts as true, and liberally construing her allegations, the Court finds that plaintiff's claims survive initial review under 28 U.S.C. § 1915(e)(2). Plaintiff has alleged she is a member of a protected class, has engaged in protected activity, and has suffered retaliation. Plaintiff timely filed a Charge of Discrimination with the EEOC, and has received her right-to-sue letter. Her complaint is timely filed, and her allegations are within the scope of her EEOC Charge of Discrimination. The Court will order the Clerk of Court to issue process on plaintiff's complaint.

---

[1] Plaintiff's allegations are contained in her complaint and her accompanying exhibit, which the Court construes as part of the pleading for all purposes. *See* Fed. R. Civ. P. 10(c).

Plaintiff has also filed a motion for appointment of counsel. There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

After considering these factors, the Court finds that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time. The Court will deny plaintiff's motion for appointment of counsel without prejudice to refiling as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel will be **DENIED** without prejudice. [ECF No. 4]

**IT IS FURTHER ORDERED** that Clerk of Court shall issue process or cause process to issue upon the plaintiff's complaint as to defendant Supervalu, d/b/a Shop N' Save.

Dated this 4th day of January, 2018.

                                                      HENRY EDWARD AUTREY
                                             UNITED STATES DISTRICT JUDGE