# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| ANTUALISA JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 4:17CV2918 HEA |
| | ) | |
| SUPERVALU, INC., | ) | |
| | ) | |
| Defendant, | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss [Doc. No. 12]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion is granted.

## Facts and Background[1]

Plaintiff's *pro se* Complaint alleges Defendant, Plaintiff's employer, discriminated against her based on her sex, race, color, and in retaliation. Defendant moves to dismiss Plaintiff's Complaint.

Plaintiff has been an employee of Defendant since September 2015. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 6, 2017. This charge alleged race and sex

---

[1] The recitation of the facts is taken from Plaintiff's Complaint and is set forth for the purposes of this motion only. It in no way relieves the parties of the necessary proof of the facts in later proceedings.

discrimination and retaliation. No other types of discrimination were checked on the EEOC Charge form.

Within the Particulars section of her Charge, Plaintiff claimed that a white male employee struck her in the head with a frozen bottle of water, and she filed a complaint against him. As a result, the white male employee was fired. Plaintiff claimed that since the white male employee was terminated, she has been subjected to harassment by white members of management. Plaintiff stated that she believed the harassment was in retaliation for filing the complaint against the white male employee. Plaintiff identified the dates of discrimination to be October 5, 2015 as the earliest date and July 31, 2017 as the latest, with the "continuing action" box checked as well. A right to sue letter was issued on September 25, 2017.

Plaintiff filed this action on December 21, 2017. For the essential facts of her claim, Plaintiff attached a "Timeline of Workplace Retaliation," which alleges the following "Incidents of Retaliation due to the male employee being fired:"

- 2015: Plaintiff was at the self-check register when a female customer service checker "forced" Plaintiff to be a witness to a suspected shoplifter's interrogation. The female customer service checker said "They need a girl to watch upstairs, I am not available. You [Plaintiff] have to go. Plaintiff was walked to the store director's office; she was "unsure of what [was] going on." There was a security office with a

shoplifter; the shoplifter had not come through Plaintiff's checkout lane.

- 1/26/2016: A male assistant store director grabbed Plaintiff from behind, around her shoulders, leaned on Plaintiff and whispered "Did she pay for that cake?" in her ear.

- 10/22/0216: A written disciplinary action was filed with the Union Local 655 UFCW for tardiness and absenteeism between July 2016 and September 2016. Plaintiff "never received an oral disciplinary action; a 90 day probationary period, which the Store Director has never followed up." Plaintiff also seems to plead that in one incident of an early departure from work, a customer service employee asked if Plaintiff would like to leave early. Plaintiff says that "customer service asks all employees at times if they would like to leave early." Plaintiff seems to also plead that some absences were due to her being sick. Plaintiff filed a grievance letter with the Union.

- 11/5/2016: Plaintiff was given a "written oral discipline letter" from the store director because she greeted a customer then said "This is 15 items or less." Plaintiff filed a grievance with the Union.

- 11/15/2016: The store director and assistant store director had a meeting with Plaintiff because a customer complained about Plaintiff saying "This is 15 items or less."

- 12/26/2016: Curtis, an "office checker/cashier" and friend of the white male employee who was terminated for hitting Plaintiff, called Plaintiff a "B***h" because Plaintiff told him she would not purchase items she left at the counter. Plaintiff filed complaints with both the Union and the store director.

- 1/14/2017: The store director told Plaintiff "That will never happen again," referring to Curtis calling Plaintiff a "b***h." This statement was made in passing; as Plaintiff states it was "an impromptu unannounced statement made on the run." Curtis is still "in minor authority."

- 1/30/2017: Plaintiff's hours were reduced to 5 hours per week. Plaintiff filed a grievance with the Union.

- 3/12/2017: Plaintiff was sitting on a bagging station while talking to another employee. Plaintiff was working the self-check lane at the time and "wasn't waiting on a customer." The female store director touched Plaintiff's shoulder, "lean[ed] into" Plaintiff and said "Please

don't talk to associates when you have a customer." Plaintiff asked for forgiveness and the store director said "That's okay."

- Unknown date: In a meeting, the store director gave Plaintiff a written disciplinary action for the March 12 incident. She also gave Plaintiff a hand written letter regarding her rebuttal to a complaint[2] Plaintiff filed. Plaintiff filed another complaint with the Union.

- 3/26/2017: Plaintiff hand delivered her written availability to work for the week of April 1- 9. For the weeks of April 2 – 9 and April 9 – 15, Plaintiff was scheduled for 5 hours, and offered additional hours by the front office checker.

- 4/4/2017: Plaintiff called the St. Ann store at 12:15 p.m. requesting hours to work if a shift became available. Plaintiff was told no hours were available and Plaintiff asked to be kept in mind if any hours came available. At 2:15 p.m. Plaintiff went to the St. Ann store and saw an employee working who was not on the original schedule, and over whom Plaintiff has seniority.

- 4/7/2017: Plaintiff filed a grievance with the Union regarding the "violation of seniority."

---

[2] It is unclear to which complaint Plaintiff refers.

- 4/13/2017: Plaintiff filed a grievance with the Union for "restitution of lost wages."

In her complaint, Plaintiff also alleges that the "response from Union Local 655 UFCW has been demeaning, unresolved actions, and disregard of my complaints and grievances." The Union is not a party to this lawsuit. These allegations are immaterial.

Plaintiff alleges claims under Title VII of the Civil Rights Act of 1964, employment discrimination on the basis of race, color, and sex. Additionally, Plaintiff claims retaliation.

## Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A complaint is plausible if its "factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Iqbal,* 556 U.S. at 678). A court must "'draw on its judicial experience and common sense,'" and consider the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Group,* 592 F.3d 893, 896 n. 4 (8th Cir. 2010) (quoting *Iqbal,* 556 U.S. at

679).

A *pro se* litigant is obligated to comply with relevant procedural and substantive law. *Faretta v. California*, 422 U.S. 806, 834. While it is true that *pro se* pleadings are to be construed liberally, a *pro se* plaintiff "still must allege sufficient facts to support the claim advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

## Discussion

Title VII prohibits employers from discriminating "against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

### Color Discrimination

As a preliminary matter, Defendant argues that Plaintiff failed to exhaust administrative remedies with respect to her claim of color discrimination. Plaintiff did not check the color discrimination box on her Charge form, and specifically stated "I believe I have been discriminated against due to *my race, Black and my sex, female…*" (Emphasis added). Regardless of the exhaustion issue, Plaintiff's color discrimination claim would fail. "Color discrimination arises when the particular hue of the plaintiff's skin is the cause of the discrimination, such as in the case where a dark-colored African–American individual is discriminated against in

favor of a light-colored African–American individual." *Laws v. Norfolk S. Corp.*, No. 4:15-CV-924-CEJ, 2015 WL 5886069, at *3 (E.D. Mo. Oct. 8, 2015) (*citing Bryant v. Bell Atl. Maryland, Inc.*, 288 F.3d 124, 135 (4th Cir.2002); *Williams v. Wendler*, 530 F.3d 584, 587 (7th Cir.2008)). The hue of Plaintiff's skin is not described in the Complaint nor is it referenced as a factor in any of the incidents of alleged harassment. Plaintiff's claims regarding color discrimination will be dismissed.

**Retaliation**

"To make a prima facie case of retaliation against an employer, a plaintiff must show (1) [she] engaged in protected conduct, (2) a reasonable employee would have found the challenged retaliatory action materially adverse, and (3) the materially adverse action was causally linked to the protected conduct." *Carpenter v. Con-Way Cent. Express, Inc.*, 481 F.3d 611, 618 (8th Cir. 2007) (*citing Burlington N. and Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006); *Higgins v. Gonzales*, 481 F.3d 578, 589 (8th Cir. 2007).

The first necessary showing in any Title VII retaliation case is that the Plaintiff engaged in protected conduct. Under Title VII, an employee engages in protected conduct when she (1) opposes any practice made an unlawful employment practice by Title VII, or (2) makes a charge, testifies, assists, or participates in any manner in an investigation, proceeding, or hearing under Title

VII.  42 U.S.C. § 2000e–3(a).  Plaintiff claims that the retaliatory actions/harassment taken against her result from one "Incident," namely, her reporting the white male employee who hit her in the head.  Thus, that report is the purported "protected conduct."

Title VII does not protect <u>all</u> verbal or physical harassment in the workplace. *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80-81 (1998).  Plaintiff does not allege that the employee who hit her in the head with a frozen water bottle was doing so because of her sex or race.[3]  Because Plaintiff pleads no facts that indicate the white male employee's assault was based on her sex or race, the assault, and Plaintiff's reporting thereof, do not implicate Title VII.  Plaintiff therefore fails to show that she engaged in protected conduct to support a Title VII retaliation claim.  Her retaliation claim will be dismissed.

## Conclusion

Based upon the foregoing analysis, Plaintiff's Complaint fails to state a viable claim for Title VII retaliation based on sex and race.  Defendant's Motion to Dismiss is granted.  Plaintiff will be given leave to file an Amended Complaint in accordance with this opinion.

---

[3] In her opposition to Defendant's Motion to Dismiss, Plaintiff alleges that "Women, black women are able to be verbally and physically assaulted without discipline to the perpetrator." Plaintiff's own Complaint refutes this statement, as Plaintiff pleaded that the white male who hit her in the head was, indeed, fired for that assault.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 12], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is given 14 days from the date of this order to file an Amended Complaint.

Dated this 29th day of October, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE