UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANTUALISA JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 4:17CV2918 HEA |
| | ) | |
| SUPERVALU, INC., | ) | |
| | ) | |
| Defendant, | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court *sua sponte*, following Plaintiff's failure to file an amended complaint after dismissal of her original Complaint. For the reasons stated below, and in accordance with the Court's Opinion, Memorandum, and Order [Doc. No. 26] granting Defendant's motion to dismiss, the Court will dismiss this case with prejudice.

**Facts and Background**

On December 21, 2017, Plaintiff filed her *pro se* Complaint alleging employment discrimination. Plaintiff's motion to appoint counsel was denied. On March 14, 2018, Defendant moved to dismiss Plaintiff's Complaint. Plaintiff filed her memorandum in opposition to Defendant's motion, and Defendant filed a reply memorandum. On October 29, 2018, the Court filed its Opinion, Memorandum, and Order granting Defendant's motion to dismiss and ordering that Plaintiff be

given 14 days to file an amended complaint. Plaintiff's amended complaint, therefore, was due on November 12, 2018.

## Discussion

Federal Rule of Civil Procedure 41(b) permits a defendant to move to dismiss a case based on a plaintiff's failure to prosecute or a plaintiff's failure to comply with a court order. Although Rule 41(b) does not expressly address the Court's authority to dismiss a case *sua sponte* for failure to prosecute or failure comply with a court order, "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

To date, Plaintiff has not filed an amended complaint. Plaintiff has not communicated with the Court since September 2018, before entry of the Order granting Defendant's motion to dismiss. Plaintiff's Complaint gravely failed to state a claim, as discussed in the Court's Order granting Defendant's motion to dismiss. Plaintiff has not since communicated with the Court. Over two months have passed since an amended complaint was due. The Court therefore will

dismiss this action with prejudice for Plaintiff's failure to prosecute her claim.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED with prejudice**.

Dated this 29th Day of January, 2019.

```
                              HENRY EDWARD AUTREY
                              UNITED STATES DISTRICT JUDGE
```